UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
JAVIER CARD,

                            **MEMORANDUM & ORDER**
          Petitioner,        17-cv-00221-FB

   -against-

THOMAS GRIFFIN, Superintendent,
Green Haven Correctional Facility

          Respondent.
---------------------------------------------------x

*Appearances:*
For the Petitioner:                  For the Respondent:
DANIEL R. PEREZ              LORI GLACHMAN
Sidley Austin LLP                Kings County District Attorney's Office
1501 K Street, NW              350 Jay Street
Washington, DC 20005         Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

      On September 5, 1995, Javier Card was convicted by a jury of second degree murder, reckless endangerment, and criminal possession of a weapon. *See* Resp.'s Ex. B. The State moves to strike Card's Amended 28 U.S.C. § 2254 Petition as untimely and to "thwart petitioner's piecemeal litigation tactics." The motion is denied.

      Card filed his Petition on January 13, 2017 raising several claims of ineffective assistance of counsel based on trial counsel's conduct during pre-trial investigations,

plea negotiations, and the trial itself. On April 19, 2017, the State responded to the Court's Order to Show Cause. On May 10, 2017—21 days later— Card filed his Amended Petition raising the same ineffective assistance of counsel claims with additional arguments and citations in support.

A habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C.A. § 2242; *Mayle v. Felix*, 545 U.S. 644, 649 (2005). Under Federal Rule of Civil Procedure 15(a)(1)(B), if a responsive pleading is required, the petition may be amended "as a matter of course" 21 days after such responsive pleading is filed. However, courts in this circuit "have not consistently applied Rule 15(a)(1)(B) to habeas petitions." *Dupont v. Phillips*, 2012 WL 2411858, at *9 (E.D.N.Y. June 26, 2012); *see also Defreitas v. Kirkpatrick,*2017 WL 878445, at *3 n.3 (N.D.N.Y. Mar. 6, 2017) (denying application). The Court need not decide whether Rule 15(a)(1)(B) applies because a petitioner may amend at any time with leave of the court, and leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001).

The State argues that amendment should not be allowed because the claims in Card's Amended Petition are time-barred. Although the Amended Petition was filed after the expiration of the one-year limitations period applicable under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), it relates back to

2

the date of the original Petition because Card's amended claims are virtually identical to his original claims. They therefore "arise from the same core facts" and do not differ "in both time and type" from his original claims. *Mayle*, 545 U.S. at 657 (applying Fed. R. Civ. P. 15(c)). Leave to amend is granted.

Contrary to the State's argument, it is irrelevant that Card relies on new evidentiary support drawn from the documents submitted with the State's Response or that he presents new arguments in support of his claims. Relation back requires "the existence of a common core of *operative facts*" shared by the original and new claims, not citation to the same *evidence* in support of those facts. *Mayle*, 545 U.S. at 659. Moreover, new arguments do not defeat relation back so long as any new legal theories are "tied to the same operative facts as those initially alleged." *Id.* at 658 n.5.

The State's remaining arguments, including that the Amended Petition constitutes an "abusive piecemeal litigation tactic[]," are without merit. The State may respond to the Amended Petition within 14 days of entry of this Order.

    SO ORDERED

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 9, 2017