```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
JAVIER CARD,

                  Petitioner,

     -against-                                    **MEMORANDUM AND ORDER**
                                                  Case No. 17-CV-00221 (FB)
THOMAS GRIFFIN,
Superintendent, Green Haven
Correctional Facility,

                  Respondent.
------------------------------------------------x
```

Appearances:
*For the Petitioner:*                *For the Respondent:*
Daniel Perez                         Eric Gonzalez
Sidley Austin                        District Attorney, Kings County
1501 K Street, NW                    350 Jay Street
Washington, D.C. 20005               Brooklyn, NY 11201
                                     By: Jill Kirsten Oziemblewski

**BLOCK, Senior District Judge:**

Javier Card petitions the Court for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, asserting three claims of ineffective assistance of counsel. The court orders an evidentiary hearing on one claim and denies the rest.

## I. Procedural History and Parties' Contentions

Card was convicted in New York Supreme Court in 1995 for the 1988 murder of his ex-girlfriend. He was given an indeterminate sentence of twenty-five years to life. Card filed two petitions to vacate his judgment based on ineffective assistance

1

of counsel under New York Criminal Procedure Law ("CPL") § 440.10—one in 2009 ("the 2009 Petition") and one in 2012 ("the 2012 Petition").[1] The Supreme Court denied the 2009 Petition after holding an evidentiary hearing and denied the 2012 Petition without a hearing. Both times, the Appellate Division denied leave to appeal.

In this petition, Card asserts two claims from the 2009 Petition and one from the 2012 Petition. With respect to the 2009 Petition, Card asserts that the state court unreasonably applied clearly established federal law. *See* § 2254(d)(1). Card's first claim from the 2009 Petition is that his trial attorney, Samuel Gregory, inadequately investigated witnesses and ultimately called none who were present at the time of the incidents. Card's second claim is that Gregory failed to consider, and ultimately inadequately put forth, an extreme emotional disturbance ("EED") defense.

With respect to the 2012 Petition, Card asserts that the state court made an "unreasonable determination of the facts" in denying his claims, *see* § 2254(d)(2), including an unreasonable determination of what his plea offer was and whether Gregory gave him adequate advice as to taking the offer. Card alleges that the district attorney had put forth a plea offer for first-degree manslaughter with a sentence of eight-and-a-half years to twenty-five years. The State alleges that the

---

[1] In 2009, Card also filed a petition to set aside his sentence under CPL § 440.20, which was denied. No claims from that petition are before the Court.

2

plea offer was for second-degree murder with a sentence of fifteen years to life. Card also asserts that Gregory never advised him as to likely sentencing exposure if he lost at trial and did not opine on whether or not Card should take the offer.

## II. Analysis

The Court finds that there is a genuine dispute as to what plea deal was available to Card, as well as what advice, if any, Gregory rendered about Card's plea options. Because the state court did not adequately establish these predicate facts, the Court orders an evidentiary hearing on the 2012 Petition claim. The Court rejects both claims from the 2009 Petition.

A. <u>An Evidentiary Hearing is Required to Assess the Claim from the 2012 Petition</u>.

1. <u>*Card Adequately Alleges Ineffective Assistance of Counsel*</u>.

As a threshold matter, if Card's assertions are true, Gregory's performance "fell below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Roccisano v. Menifee*, 293 F.3d 51, 59–61 (2d Cir. 2002) (recognizing that defendants are entitled to rely on counsel's advice as to the strength of the government's claim and the wisdom of pleading guilty) (citing *Von Moltke v. Gillies*, 332 U.S. 708 (1948) and *Boria v. Keane*, 99 F.3d 492 (2d Cir. 1996)); *United States v. Gordon*, 156 F.3d 376, 380 (2d Cir. 1998) ("[T]he decision whether to plead guilty or contest a criminal charge is ordinarily the most important single decision in a criminal case and counsel may and must give the client the benefit of counsel's

3

professional advice on this crucial decision." (quoting *Boria*)); *Boria v. Keane*, 99 F.3d 492 (2d Cir. 1996) (finding counsel deficient when he did not opine on the desirability of a plea given the relative strength of the government's case in the face of significant sentence disparity); *Young v. Zon*, 827 F. Supp. 2d 144, 159 (W.D.N.Y. 2011) (counsel is ineffective when he "failed to offer any recommendation about whether to take [a] plea"); *Carrion v. Smith*, 644 F. Supp. 2d 452, 469 (S.D.N.Y. 2009) (suggesting that when conviction is overwhelmingly likely, counsel is deficient by not strongly suggesting defendant accept a plea offer).[2]

Card also asserts that he was prejudiced because he would have taken the plea if his attorney had properly advised him. This fulfills the second prong of the ineffective assistance analysis. *See Strickland*, 466 U.S. at 692. Although a standalone, self-serving assertion of this sort is generally seen as insufficient to establish prejudice, *see United States v. Gordon*, 156 F.3d 376, 380–81 (2d Cir. 1998), an assertion coupled with a nontrivial sentence disparity may be sufficient, *id.*; *see also, e.g.*, *Pham v. United States*, 317 F.3d 178, 184–85 (2d Cir. 2003).

---

[2] The State points to *Purdy v. United States*, 208 F.3d 41 (2d Cir. 2000), which clarified that *Boria* did not establish a *per se* rule that counsel is deficient when he or she does not advise clients about accepting plea offers. But the facts of *Purdy* are easily distinguishable. There, counsel demonstrated to his client how strong the government's case was, including by conducting a mock cross-examination. Unlike here, there was ample reason to think that Purdy made the choice to reject the offer with full assistance of counsel.

2. *The Court Must Independently Determine the Facts*.

The Court is not bound by the factual determinations of the state court because the court failed to hold an evidentiary hearing in violation of state law. *Cf. Brumfield v. Cain*, 135 S.Ct. 2269 (2015). In *Brumfield*, the Court held that a Louisiana state court finding of fact was unreasonable within the meaning of § 2254(d)(2) because the court failed to follow state law when it declined to hold an evidentiary hearing on an intellectual disability claim. Card cites to the analogous New York statute, CPL § 440.30(4), which lays out an exhaustive list of cases in which a court may make determinations of fact without holding an evidentiary hearing on a § 440.10 petition. Card argues, and the State does not rebut, that none of the cases apply here.[3] Thus, the state court's determination of facts does not merit deference.

Other courts have employed similar reasoning in ordering evidentiary hearings on § 2254 petitions. *See, e.g.*, *Greiner v. Wells*, 417 F.3d 305, 314 (2d Cir. 2005) (discussing the magistrate judge's granting of a hearing because of an improper application of § 440.30(4)); *Drake v. Portuondo*, 31 F.3d 338, 345 (2d Cir. 2003) ("Here, however, the state court summarily denied without a hearing Drake's § 440.10 motion to vacate, and thus there are no findings of fact requiring

---

[3] In contesting what the plea offer was, the state principally relies on some handwritten notes from the assistant district attorney involved in the trial. As for Gregory's advice, the State's assertions are based on Gregory's descriptions of his usual practice in counseling defendants. The state does not dispute that this is insufficient under § 440.30(4) for a finding of facts without an evidentiary hearing.

5

deference."); *Ferguson v. Griffin*, 13-cv-4528-CS-JCM, 2017 WL 9802841, at *5 & n.6 (S.D.N.Y. Dec. 4, 2017) (discussing authority to order a hearing on a § 2254 petition because a hearing was not ordered on the § 440.10 petition).

Because the Court does not defer to the state court's findings of facts on this claim, it must make its own findings. At present, the Court has little before it other than affidavits from interested parties and descriptions of hand-written notes. Accordingly, the Court orders an evidentiary hearing on two questions: (1) What plea offer was presented to Card and (2) What advice, if any, Gregory gave Card with respect to accepting a plea offer.

B. <u>The Claims from the 2009 Petition Are Without Merit</u>.

Card also claims that Gregory was not prepared for his trial and did not try it competently. In particular, Card notes that Gregory called very few witnesses, none of whom were present at the time of the incident. He cites several of Gregory's comments from pretrial conferences, which suggest that this paucity of evidence is attributable to Gregory's failure to adequately prepare for the trial. Finally, Card faults Gregory for putting forward a misidentification theory and failing to consider an EED defense or other mitigation strategy until the end of trial.

Because the state court held a full evidentiary hearing on the 2009 Petition, the court's findings of fact are presumed to be correct.

1. *Gregory Adequately Investigated Witnesses*.

The court's findings of facts undermine Card's contentions with regards to Gregory's investigation of witnesses. The court noted that Gregory's appointment as Card's lawyer took place in 1995—seven years after the shooting. The court found that it was reasonable for Gregory to rely on a government witness list, since by that time, it would have been difficult for him to find many helpful witnesses from a night seven years ago. The court also credited Gregory's testimony that he was able to contact at least one witness who was present at the time of the shooting, but that she lived out of state and was unwilling to testify at the trial. Moreover, a private investigator appointed for Gregory was unable to provide any helpful leads.[4]

Card argues that the failure to locate witnesses is attributable to Gregory's deficient performance. In particular, he claims he "attempted to focus Mr. Gregory's attention on his case" in the months leading up to the trial, but was rebuffed because Gregory was busy with other matters. Because the Court must defer to the state court findings, these claims are rejected. As described by the state court, Gregory's performance did not fall below an objective standard of reasonableness.

---

[4] The private investigator also testified at the evidentiary hearing. He produced billing records that showed he spent twenty-two hours on the case but was unable to recall what work he actually performed. He also testified that he never received a witness list from Gregory. The court found this testimony non-credible but nonetheless denied the petition.

## 2. *Gregory Reasonably Did Not Prepare for an EED Defense*.

The court described Gregory's trial strategy as an "attack [on] the credibility of the prosecution witnesses and . . . their bias and backgrounds, [making] them appear jealous, angry and vengeful." In particular, the court noted that all witnesses on the government's list "were friends or family members of the victim, who was the defendant's ex-girlfriend." As established by the court, Gregory only considered the EED defense after the "devastating" testimony of a surprise witness, who was neither a friend nor family member of the victim. Because this witness was not on the government's list, Gregory had no occasion to prepare this strategy.

The court also remarked that "[n]othing in [Card's] testimony would suggest that [he] was suffering from EED at the time he shot the victim." The court noted that Card's testimony about his behavior that day was inconsistent with someone who lost self-control—an essential element of an EED defense. Although the prejudice prong of an ineffective assistance analysis is assessed as a mixed question of law and fact, *Strickland*, 466 U.S. at 698, the Court defers to the state court's factual findings as to an individual's state of mind and to its legal conclusions as to state law regarding EED. Consequently, the Court denies this claim as well.

### III. Conclusion

The Court orders an evidentiary hearing on the claim based on the 2012 Petition. The parties are directed to offer evidence as to (1) what plea offer was presented to Card, and (2) what advice, if any, Gregory gave Card with respect to accepting a plea offer. All of the claims based on the 2009 Petition are denied.

**SO ORDERED**.

    _/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 17, 2018